**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

**KEVIN ANTHONY WEST,**

**Plaintiff,**

**v.**                                                    **No. 1:25-cv-01092-STA-jay**

**TYSON FOODS, INC.,**

**Defendant.**

---

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RULE
26(a)(1) DISCLOSURES**

---

Before the Court is Plaintiff Kevin Anthony West's ("Plaintiff") Motion to Compel Defendant's Rule 26(a)(1) Disclosures ("Motion"). (Docket Entry [D.E.] 30). Plaintiff contends that Defendant Tyson Farms, Inc. ("Defendant") failed to comply with Federal Rule of Civil Procedure 26(a)(1). (*Id.*). Defendant filed its Response in Opposition to Plaintiff's Motion to Compel Defendant's Rule 26 Disclosures ("Response"). (D.E. 32). Plaintiff then filed its Reply in Support of Motion to Compel ("Reply"). (D.E. 33). Plaintiff's Motion is **DENIED**.

### I. BACKGROUND

This case involves allegations of employment discrimination and retaliation. Plaintiff filed a pro se complaint against Defendant on April 2, 2025, alleging discrimination based on age and disability in violation of the Age Discrimination in Employment Act of 1967 and the Americans with Disabilities Act of 1990 during and after the course of his employment with Defendant as well as retaliation by Defendant against Plaintiff. (D.E. 1). In its answer, Defendant denied the allegations. (D.E. 13).

1

On April 27, 2026, the Court entered a scheduling order requiring initial disclosures pursuant to Rule 26(a)(1) to be completed by May 11, 2026. (D.E. 27). Defendant timely served Plaintiff with its Initial Disclosures. (D.E. 30). Between May 12, 2026, and May 28, 2026, Plaintiff and Defendant exchanged a series of email communications detailing their disagreements regarding Defendant's Initial Disclosures. (*Id.*). Despite these email communications, Plaintiff and Defendant were unable to reach an agreement regarding the contents—or lack thereof—of Defendant's Initial Disclosures. (*Id.*).

On June 8, 2026, Plaintiff filed the present Motion, asking this Court to compel Defendant "to provide complete Initial Disclosures" as Plaintiff believes Defendant's Initial Disclosures are "materially deficient" and noncompliant with Federal Rule of Civil Procedure 26(a)(1). (*Id.*). In its Response, Defendant argues its Initial Disclosures fully comply with Rule 26(a)(1) and Plaintiff seeks relief beyond the scope of Rule 26(a)(1). (D.E. 32). Defendant also requests that "the Court award Defendant any relief the Court deems just and proper to deter Plaintiff from filing meritless discovery motions." (*Id.*). Plaintiff reaffirms his initial position in his Reply by arguing that Defendant's Response "relies on procedural technicalities, misstates the scope of Rule 26(a)(1), and fails to address the core issue: Defendant has not served meaningful initial disclosures." (D.E. 33).

## II. ANALYSIS

Federal Rule of Civil Procedure 26 contains general provisions governing discovery, including initial disclosures. Rule 26(a)(1)(A)(i)–(ii) provides:

> (A) Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable

2

> information—along with the subjects of that information—
> *that the disclosing party may use to support its claims or
> defenses*, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of
> all documents, electronically stored information, and
> tangible things that the disclosing party has in its possession,
> custody, or control and *may use to support its claims or
> defenses*, unless the use would be for impeachment;

Fed. R. Civ. P. 26(a)(1)(A)(i)–(ii) (emphasis added). "The initial disclosure obligation of

subdivisions (a)(1)(A) and (B) has been narrowed to identification of witnesses and documents

that the disclosing party may use to support its claims and defenses. 'Use' includes any use at a

pretrial conference, to support a motion, or at trial." Fed. R. Civ. P. 26, advisory committee's note

to 2000 amendment. Thus, "[t]he plain language of the Rule makes clear that the disclosing party

must only disclose materials if *that party* intends to use the materials to support its claims or

defenses." *Ruddell v. Weakley Cnty. Sheriff's Dept.*, No. 07-cv-01159, 2009 WL 3757705, at *1

(W.D. Tenn. May 22, 2009). "A party is no longer obligated to disclose witnesses or documents,

whether favorable or unfavorable, that it does not intend to use." Fed. R. Civ. P. 26, advisory

committee's note to 2000 amendment.

Plaintiff contends that Defendant provided him with "materially deficient" Initial

Disclosures that do not identify "supervisors, HR personnel, IT personnel, or decision-makers with

discoverable information;" "custodians of relevant electronically stored information ('ESI');" "the

systems, accounts, devices, or locations where responsive ESI is maintained;" and "the individuals

involved in the remote wiping of Plaintiff's personal devices at the time his employment ended."

(D.E. 30). Defendant disagrees and argues that Rule 26(a)(1) does not "require a party to identify

every party with discoverable information, every possible ESI custodian, every system or device

or every person Plaintiff believes may be relevant to his theory of the case" as this rule "is limited

3

to individuals and documents that the disclosing party may use to support its claims or defenses." (D.E. 32). Defendant's interpretation of Rule 26(a)(1) is correct.

Plaintiff's argument is founded upon a misunderstanding of Rule 26(a)(1)(A). The Court reminds Plaintiff that the purpose of initial disclosures under Rule 26 is "to accelerate the exchange of *basic* information, rather than admissible evidence, and to assist the parties in focusing and prioritizing their organization of discovery." *Roane Cnty., Tennessee v. Jacobs Eng'g Grp., Inc.*, No. 3:19-CV-206, 2020 WL 5262250, at *2 (E.D. Tenn. Sept. 3, 2020) (quoting *Hesco Parts, LLC v. Ford Motor Co.*, No. 3:02-CV-736, 2007 WL 2407255, at *2 (W.D. Ky. Aug. 20, 2007). These initial disclosures under Rule 26 differ from discovery under Rule 34, which allows a party to serve a request to another party "to produce . . . any designated documents or electronically stored information . . . stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Fed. R. Civ. P. 34(a)(1). Because it can be inferred from its Response that Defendant does not plan to use witnesses or resources that it has not presented in its Initial Disclosures, the Court finds that the information sought is not the sort of "basic information" contemplated by Rule 26(a)(1). (D.E. 32).

For the reasons stated above, the Court **DENIES** Plaintiff's Motion and, in accordance with Federal Rule of Civil Procedure 37, analyzes whether the award of expenses is appropriate.[1]

Federal Rule of Civil Procedure 37(a)(5) contains provisions regarding the payment of expenses when courts grant or deny motions to compel. Rule 37(a)(5)(B) provides:

> If the motion is denied, the court . . . must, after giving an
> opportunity to be heard, require the movant . . . to pay the party or

---

[1] Defendant asserts that Plaintiff failed to comply with Local Rule 7.2(a)(1)(B) and Local Rule 26.1(b)(2). (D.E. 32). The Court agrees and finds that Plaintiff did not comply with these rules or Local Rule 7.2(c). Though the Court denies Plaintiff's Motion on other grounds, the Court reminds Plaintiff that he is bound by the Federal Rules of Civil Procedure and the Local Rules, even though he is a pro se litigant. *Smith v. Zoll Med. Corp.*, No. 1:20-cv-02204-STA-jay, 2021 WL 12319502, at *2 (W.D. Tenn. Sept. 3, 2021) (quoting *Greer v. Home Realty Co. of Memphis Inc.*, No. 2:07-cv-02639-SHM-egb, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010)).

> deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

An award of expenses may be unjust when a plaintiff proceeds pro se because "[f]ederal court proceedings involve 'nuances and procedures that, without the benefit of a legal education and experience, are difficult to understand or know.'" *Sanner v. Harris*, No. 2:23-cv-1239, 2023 WL 12217177, at *1 (S.D. Ohio May 24, 2023) (quoting *Asamoah v. Amazon.com Servs., Inc.*, Nos. 2:20-cv-03305, 2:21-cv-00003, 2023 WL 3320432, at *2 (S.D. Ohio May 9, 2023). Some courts have held that an award of expenses is unjust when the plaintiff is a pro se litigant who "appears [to have] made a mistake" in bringing a motion, "rather than consciously disregarding the relevant federal and local rules." *Id.* Other courts have held that an award of attorney's fees is unjust when a pro se plaintiff's "arguments in support of his [m]otion to [c]ompel are misguided [but] do not appear to be made in bad faith." *Bruce v. Trans Union LLC*, No. 2:22-cv-01292, 2024 WL 4124818, at *9 (D.S.C. June 11, 2024). "In [the] context [of a pro se plaintiff bringing a motion due to mistake, not bad faith,], it is unlikely that the award of expenses would serve any appropriate deterrent or punitive purpose." *Sanner*, 2023 WL 12217177, at *1. An award of expenses may also be unjust when a plaintiff proceeds in forma pauperis, as this would place a heavy financial burden on a plaintiff. *See Collins v. Trousdale Turner Corr. Ctr.*, No. 3:24-cv-00573, 2025 WL 1095373, at *4 (M.D. Tenn. Apr. 11, 2025) (citing *Williams v. Platt*, No. CIV-03-281-C, 2005 WL 1950267, at *2 (W.D. Okla. July 29, 2005)). Based upon the circumstances presented, including Plaintiff's status as an in forma pauperis pro se litigant, the Court declines to award expenses under Rule 37(a)(5)(B).

## III. CONCLUSION

For the reasons provided herein, the Court **DENIES** Plaintiff's Motion to Compel Defendant's Rule 26(a)(1) Disclosures (D.E. 30) and declines to award expenses.

IT IS SO ORDERED this the 17th day of July, 2026.

<u>**s/Jon A. York**</u>
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**IF DESIRED, AN APPEAL OF THIS ORDER TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER. *SEE* U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**